IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SALLY A. HIGBEE, | ) |
|         Plaintiff, | ) |
| vs. | ) |
| | ) Case No.   CIV-06-712-F |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
|         Defendant. | ) |

# FINDINGS & RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on April 14, 2003 alleging a disability since March 1, 2003 (TR. 46-48). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 21, 22). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on May 3, 2005 (TR. 189-208). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 192-204). A vocational expert (VE) testified at the request of the ALJ (TR. 204-207). The ALJ issued his decision on July 5, 2005 finding that Plaintiff was not entitled to DIB (TR. 13-20). The Appeals Council denied the Plaintiff's request for review on May 31, 2006, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

**STANDARD OF REVIEW**

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

**DISCUSSION & FINDINGS**

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 19). At step two, the ALJ concluded that Plaintiff's fibromyalgia was a severe impairment (TR. 19). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 19). At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work (PRW) (TR. 19).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found

that Plaintiff retained the RFC to perform a significant range of sedentary work (TR. 20). The ALJ used Medical Vocational Rule 202.22 and 201.15 as a framework for decision making and considered the testimony of the VE in determining there were jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 20). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 20).

On appeal to this Court, Plaintiff alleges that (I) the ALJ improperly rejected and improperly weighed the opinion of her treating physician, Dr. Love; and that (II) the ALJ erred in his assessment of her credibility.

**MEDICAL EVIDENCE**

In January 2003 Plaintiff was examined by James E. Love, M.D. (internal medicine), who found that Plaintiff's extremities were warm with good color and without edema; and that she had some muscle tenderness (TR. 144). He assessed Plaintiff as having fibromyalgia (TR. 144). By letter dated February 23, 2004, Dr. Love stated that Plaintiff "is unable to tolerate long periods of time sitting in one space due to severe fibromyalgia" (TR. 143). He recommended that "she not be required for jury duty due to this illness" (TR. 143).

In October 2003 Plaintiff was examined by Chris Lane, D.O., who found that she had no deficits in range of motion, passive or active, in the upper or lower extremities; that her reflexes were all normal in her upper and lower extremities; that she had 5-5 equal grip strength bilaterally; that she was able to heel and toe walk without difficulty; and that she retained fine manipulation (TR. 118). Dr. Lane assessed Plaintiff as having fibromyalgia and chronic pain (TR. 118).

In January 2004 Plaintiff was examined by Steven Jimerson, M.D. (OBGYN) who reported an essentially normal exam (TR. 122).

In August 2004 Plaintiff was examined by Nancy Russell, M.D. (internal medicine), who diagnosed Plaintiff with fibromyalgia pain syndrome, sleep disorder and fatigue, hypothyroid

symptoms and postmenopausal syndrome (TR. 158). Dr. Russell also stated that laboratory data confirmed her potassium, bicarbonate and magnesium were all on the low side of normal; and that such was commonly seen with fibromylagia (TR. 158). She recommended supplementation (TR. 158).

In December 2004 and January 2005 Plaintiff was examined by L. Kincheloe, M.D., who diagnosed Plaintiff as having fibromyalgia and adjusted her medications, including reducing her dosage of Elavin down to 10 mg. because she reported feeling too lightheaded and "out of control" at a dosage of 25 mg. (TR. 167, 168).

### HEARING TESTIMONY

Plaintiff testified that she has pain "all over, and mental fogginess, and fatigue"; that she is never pain free; and that the areas most affected are her left shoulder, back, hips, legs, neck, arms, fingers and hands (TR. 196). She further testified that since 2003 her pain level seemed to be getting worse but the fogginess was getting a "little better" (TR. 197). She further testified that sitting was not a problem for her so long as she could change positions and stand up frequently (TR. 199).

### I.

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Love, that Plaintiff was "unable to tolerate long periods of time sitting in one space due to severe fibromyalgia" (TR. 143) (See Plaintiff's Brief at pages 8-13).

In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing

4

> performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

The ALJ provided only a scant review of the medical evidence. As to the opinion of Dr. Love, the ALJ observed in his decision that

> James E. Love, M.D. reported that the claimant was unable to tolerate long periods of time sitting in one space due to severe fibromyalgia. This assessment was mainly for the claimant to be excused from jury duty. Other reports from Chris Lance D.O. noted that the claimant's reflexes were all normal, both upper and lower extremities, 2/4 with no deficits. She had equal grip strength bilaterally, was able to heel walk and toe walk without difficulties and retained fine manipulation

(TR. 17). As argued by Plaintiff, the reasons given by the ALJ for rejecting Dr. Love's opinion have nothing to do with the opinion given which is that Plaintiff is "unable to tolerate long periods of time sitting in one space due to severe fibromyalgia" (TR. 143). The ALJ ignores, without explanation, the analysis required under 20 C.F.R. § 404.1527(d)(2)-(6). Thus, for the reasons discussed above, it appears that the ALJ improperly weighed and rejected the opinion of Plaintiff's treating physician, Dr. Love. On remand, the Commissioner should re-evaluate the opinion of Dr. Love and if his opinion is rejected, then the ALJ must set forth in the decision specific, legitimate reasons for doing so.

## II.

Plaintiff argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 15-19). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing

impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In this case, the ALJ did offer a meager discussion of Plaintiff's credibility (TR. 16). Aside

6

from the customary boilerplate language the ALJ offers the following:

> She testified that she takes Aleve and Quantifin. The record showed that other medication that she had been prescribed was Thyrolar, Cytomel, and Xanax, The evidence does not indicate that the claimant suffers from side effects of medication resulting in an inability to work. There is no indication that her daily activities were curtailed to an extent that would suggest an inability to engage in all work activity. She testified that she helped her husband in his business; she walks her dog for one-half mile and is able to drive an automobile. She is able to cook simple meals, do light household chores and laundry. Her husband helps with the shopping and she is able to take care of her personal hygiene. Although the claimant did experience some pain and discomfort, the Administrative Law Judge was not persuaded that it rose to a level of severity, and was of such duration and intensity to preclude him from engaging in all substantial gainful activity

(TR. 16). Clearly, a more detailed analysis is required. The ALJ ignores the analysis required by *Kepler* and neglects to discuss the levels of Plaintiff's medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

The ALJ's credibility analysis is insufficient according to *Kepler*. On remand, the Secretary should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a

judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 25th day of June, 2007.

*[signature: Shon T. Erwin]*

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE